# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 11-1773** (Wood County 11-F-135)

**Brandon Porter,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Robin Bonovith, arises from the Circuit Court of Wood County, wherein he was sentenced by order entered on December 1, 2011. The State, by counsel Andrew Mendelson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of first degree arson pursuant to West Virginia Code § 61-3-1 and one count of third degree arson pursuant to West Virginia Code § 61-3-3. Petitioner pled guilty to a lesser included offense of second degree arson. Prior to sentencing, petitioner underwent a presentencing evaluation. Petitioner was sentenced to a definite term of eight years with credit for one hundred and twenty-five days.

Petitioner argues that the circuit court's sentence was excessive given the evidence presented and the nature of the case. Petitioner argues he should have been given some form of alternative sentencing. The State argues in favor of the sentencing order, stating "the court after careful consideration all of the permissible factors gave him eight years" and that the circuit court did not abuse its discretion.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

1

Upon our review, we find no abuse of discretion by the circuit court in sentencing petitioner to a definite sentence of eight years following his guilty plea. The sentence imposed was within statutory limits and was not based on an impermissible factor.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II